COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-290-CV

 

 

 

H. ROSS PEROT, JR.,                                                         APPELLANTS

ALLIANCE
HERITAGE MUSEUM, 

AND
HILLWOOD DEVELOPMENT 

GROUP, L.P.                                                                                       

 

                                                   V.

 

HUGHES & LUCE, L.L.P.,                                                       APPELLEES

AND STEPHEN G. GLEBOFF                                                                   

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants H. Ross Perot,
Jr., Alliance Heritage Museum, and Hillwood Development Group, L.P., plaintiffs
below, attempt to appeal from the trial court=s order granting the motion to transfer venue of Appellees Hughes &
Luce and Stephen G. Gleboff, defendants below. 
In their motion to transfer venue, Appellees contended that

$                  
Tarrant County is not a proper county and no
basis exists mandating or permitting venue in Tarrant County;

 

$                  
A substantial part of the events or omissions
giving rise to Appellants=
claims did not occur in Tarrant County, contrary to Appellants=
petition; and

 

$                  
The principal offices of Appellees are in Dallas
County, and a substantial part of the events or omissions giving rise to
Appellants=
claims occurred in Dallas County, making venue proper in Dallas County.

 

Appellees requested that the case be transferred
to Dallas County in its entirety. 
Alternatively, if the Tarrant County trial court found that at least one
but not all of the Appellants established proper venue in Tarrant County,
Appellees requested the transfer of the claims of those Appellants who had not
independently established proper venue in Tarrant County.  Appellees did not request the transfer of the
claims of any Appellant who had established proper venue in Tarrant County.








The trial court ordered that
the cause be transferred to Dallas County in its entirety.  Consequently, the trial court necessarily
found that venue is improper in Tarrant County as to all parties.  The trial court did not reach the alternative
question of whether a party Aindependently@ established
venue.[2]  Accordingly, no interlocutory appeal lies
from the trial court=s order.[3]  We therefore grant Appellees= motion to dismiss and dismiss this case for want of jurisdiction.                                                                                                                                    PER CURIAM 

PANEL D:   DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DELIVERED: 
November 2, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.003(a) (Vernon Supp. 2006).





[3]See id. ' 15.064(a) (Vernon 2002).